IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEONARD THOMPKINS | § | |
| v. | § | CIVIL ACTION NO. 6:11cv172 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Leonard Thompkins, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Thompkins did not specify the disciplinary offense with which he was charged, but indicates that it was some type of sexual misconduct. He states that as punishment for the offense, he received 45 days of cell and commissary restrictions status from State Approved Trusty III State Approved Trusty IV. He did not lose any good time.

Thompkins complained that he was denied due process in that the investigation was not begun in a timely manner, the charging officer did not follow proper procedures in identifying the culpable inmate, he was innocent of the charges, the nurse's evidence was falsified, and the Step Two appeal was trying to cover up for the charging officer's errors.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that because Thompkins did not lose any good time, he failed to show the infringement of a constitutionally protected liberty interest. *See*

Malchi v. Thaler, 21 F.3d 953, 959 (5th Cir. 2000). As a result, the Magistrate Judge concluded that the petition lacked merit and that Thompkins should be denied a certificate of appealability *sua sponte*.

Thompkins filed objections to the Magistrate Judge's Report on April 20, 2011. In his objections, Thompkins says that prior to his receipt of the disciplinary case, he had a "mandatory release date" of March 13, 2011, and now it is September 11, 2017, but he offers nothing to show that one disciplinary case for which no good time was lost resulted in a six-and-a-half year set-off for mandatory supervision. He also says that he was "under the impression that breaking the law was the crime not just the result of breaking the law." Thompkins argues that to be deprived of commissary and recreation "reduces one's chances of having a longer and productive life physically, mentally, and emotionally," and when these privileges are taken illegally, it amounts to a hardship. He says that the nature of the deprivation is "the robbery of his liberty interest."

Thompkins's objections are without merit. The Fifth Circuit has explained that the state statutory scheme has created a right to good time credits, where the inmate is eligible for release on mandatory supervision, and so where a prisoner enjoys a constitutional expectancy to an early release from prison based on the accumulation of good time credits, he has a protected liberty interest and is entitled to due process before he can be deprived of those credits. Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007). In this case, as the Magistrate Judge observed, Thompkins lost no good time credits, and thus was not deprived of a protected liberty interest.

Although Thompkins contends that he had a mandatory release date on March of 2011, which was moved to September of 2017, he offers nothing to show that this six-and-a-half year change was due to a disciplinary case in which no good time was lost. In Malchi, the projected release date for the prisoner was changed from November 5, 2000, to May 24, 2001, as a result of the reduction in his time earning status, but the Fifth Circuit held that the timing of his release was too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status. Because Thompkins did not lose any good time credits, he has failed to show that

a constitutionally protected liberty interest was infringed as a result of the disciplinary case at issue here. *See* Lewis v. Thaler, civil action no. H-10-5126, 2010 WL 5419053 (S.D.Tex., December 23, 2010) (stating that "it follows that a Texas prisoner cannot demonstrate a constitutional violation without first establishing (1) that he is eligible for early release on mandatory supervision, and (2) the disciplinary conviction at issue resulted in a loss of credit for good conduct, i.e. good time credit"). His objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Leonard Thompkins is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

---

[1] The Court also notes that review of the TDCJ on-line records shows that Thompkins is serving 15- and 20-year sentences for possession of cocaine, imposed in 1993, and a five-year sentence for sexual assault of a child, imposed in 2007. *See* http://168.51.178.33/webapp/TDCJ/index2.htm. As such, Thompkins is not eligible for release on mandatory supervision, Tex. Gov. Code art. 508.149(a)(6), and thus has failed to show the deprivation of a liberty interest. In any event, however, Thompkins has failed to show that he is entitled to relief even if he were eligible for mandatory supervision.

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 17th day of May, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE